# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| COUNCIL OF PARENT ATTORNEYS AND ADVOCATES, INC., | *<br>*<br>*    Case 1:20-cv-02310-GLR |
| Plaintiff, | *<br>* |
| v. | *<br>* |
| ELISABETH (BETSY) DEVOS, *in her official capacity as Secretary of Education*, *et al.* | *<br>*<br>*<br>* |
| Defendants. | |

## DECLARATION OF SETH GALANTER IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

I, Seth Galanter, declare as follows:

1. I am an attorney at the National Center for Youth Law (NCYL). This declaration is based on my personal knowledge. If called to testify in this case, I would testify competently about these facts.

**Identifying non-Title I schools**

2. The U.S. Department of Education maintains an Elementary/Secondary Information System (ElSi) that allows members of the public to view public school data collected from the States by the Department. It can be accessed on the Internet at https://nces.ed.gov/ccd/elsi/.

3. Using the table generator function, I requested a spreadsheet that showed whether particular schools were eligible to be a Title I school in the 2018-19 school year. The Department has not yet posted data for the 2019-20 school year.

4. Each of the following schools is listed as not eligible as a Title I school in the 2018-19 school year:

   a. East Middle School, Mesa County Valley School District No. 51, Colorado

   b. Dunwoody High School, DeKalb County School District, Georgia

   c. Bak Middle School of the Arts, Palm Beach School District, Florida

   d. Alexander W Dreyfoos Junior School of the Arts, Palm Beach School District, Florida

   e. Friendly High School, Prince George's County Public Schools, Maryland

5. A true and correct image of the spreadsheet referenced in Paragraph 3 is attached as Exhibit 1. The table can also be accessed on the internet at

https://nces.ed.gov/ccd/elsi/tableGenerator.aspx by entering 153743 in the Table ID field at the top of the screen.

6. The non-Title I status of each school listed above in Paragraph 4 is confirmed by lists maintained by their respective state education agencies and school districts.

    a. The Colorado Department of Education maintains a spreadsheet of all public schools in the state and identifies them as either served or not served with Title I funds. East Middle School of Mesa County Valley School District No. 51 is listed as "not served with Title I funds" for the 2019-20 school year. It can be accessed on the internet at http://www.cde.state.co.us/fedprograms/2019-20titleiaschoollist.

    b. The DeKalb County School District maintains a list of Title I schools for fiscal year 2020. It can be accessed on the internet at https://www.dekalbschoolsga.org/wp-content/uploads/2019/11/fy20-title-I-part-A-schools.pdf. Dunwoody High School does not appear on that list.

    c. The Palm Beach School District maintains a list of Title I schools for fiscal year 2020. It can be accessed on the internet at https://www.palmbeachschools.org/UserFiles/Servers/Server_270532/File/Departments/Federal%20Programs/FY20_Title_I_Schools_Alpha.pdf . The Florida Department of Education also maintains a list of Title I schools for the 2019-20 school year. It can be accessed on the internet at http://www.fldoe.org/core/fileparse.php/7767/urlt/1920PrelimTitleIPartASchools.pdf. Neither Bak Middle School of the Arts nor Alexander W Dreyfoos Junior School of the Arts appears on either list.

    d. Prince George's County Public Schools maintains a list of Title I schools for the 2019-20 school year.  It can be accessed on the internet at https://www.pgcps.org/title1/cards/Title-I-Schools/.  Friendly High School does not appear on that list.

### Mesa County Valley School District No. 51 (MCVSD)

7. On August 11, 2020, NCYL filed a public records request with Mesa County Valley School District No. 51 (MCVSD) asking for records showing how much it is spending for equitable services for private school students under Title I in the 2020-21 school year and the basis for calculating its equitable shares. The request also sought any estimates of how much of its Elementary and Secondary School Emergency Relief (ESSER) funds it would be required to spend on equitable services for private school students under both the poverty-based and enrollment-based approaches to equitable services.

8. On August 13, 2020, NCYL received a response to its public records request.

9. The records released included a table entitled "Title I, Part A Equitable Expenditures for FY 2020-21" ("Title I table"), which reported that MCVSD would receive $6,039,486 in Title I funds in fiscal year 2020-21 and that, under the poverty-based method, it will spend $30,393 for equitable services for 21 low-income private school students at three private schools.  The record reported that this constituted 0.5% (0.0050) of MCVSD's Title I funds.  The three private schools were Holy Family (2 low-income students), Landmark Baptist (11 low-income students), and Life Academy (8 low-income students).

10. The records released included a table entitled "ESSER Equitable Expenditures" ("ESSER table"), which reported that MCVSD would receive $3,409,529 in ESSER funds and

that, under the enrollment-based method, it will spend $113,352 on equitable services for 738 private school students at six different private schools.

11. I calculated that MCVSD will spend 3.3% of its ESSER funds to provide equitable services to private school students at those six private schools under the enrollment-based method. I reached that result by dividing the total ESSER funds reserved for private school students identified in the ESSER table ($113,352) by the total ESSER funds identified in the ESSER table ($3,409,529), resulting in 0.033 or 3.3%.

12. The enrollment numbers for the three private schools that will receive Title I equitable services, according to the Title I table, are reported in the ESSER table: Holy Family (411 students), Landmark Baptist (103 students), and Life Academy (66 students). By adding those three numbers, I calculated that those three private schools enroll 580 students.

13. I calculated that students at those same three private schools will receive 2.6% of MCVSD's ESSSER funds. I reached that result by first adding the amount identified in the ESSER table for each of the private schools: Holy Family ($63,127), Landmark Baptist ($15,820), and Life Academy ($10,137), for a total of $89,084. I then divided that by the total ESSER funds identified in the ESSER table ($3,409,529), resulting in 0.026 or 2.6%. I also calculated that students at the other three private schools will receive 0.7% of MCVSD's ESSER funds. I reached that result by adding the amount identified in the ESSER table for each of the other private schools: Bookcliff Christian ($9639), Intermountain Adventist ($5222), and Messiah Lutheran ($9676), for a total of $24,537. I then divided that by the total ESSER funds identified in the ESSER table ($3,409,529), resulting in 0.007, or 0.7%

14. While the Title I table shows that MCVSD will spend 0.5% of MCVSD's Title I funds to provide equitable services to students at those three private schools, calculations based

on the ESSER table show MCVSD will spend 2.6% of its ESSER funds to provide equitable services to students at those same three private schools. If MCVSD spent only 0.5% of its ESSER funds to provide equitable services to students at those three private schools, it would spend $17,048 (multiplying .005 times the total ESSER funds identified in the ESSER table ($3,409,529)), rather than $89,084, a savings of $72,036.

15. True and correct copies of the correspondence and records referenced in Paragraphs 7-14 are attached as Exhibit 2.

### DeKalb County School District

16. On August 17, 2020, I used PACER to download an affidavit filed in the case of *National Association for the Advancement of Colored People (NAACP) v. DeVos*, No. 20-cv-01996-DLF (D.D.C.), another lawsuit challenging the Department of Education's interim final rule regarding equitable services.

17. The affidavit I downloaded from the *NAACP* case was by Masana Mailliard, the Interim Chief Financial Officer for the DeKalb County School District. It was docketed as Attachment 5 to docket entry 36 of that case.

18. A true and correct copy of the affidavit referenced in Paragraph 17 is attached as Exhibit 3.

### Prince George's County Public Schools

19. On August 24, 2020, I used PACER to download two affidavits filed in the case of *State of Michigan v. DeVos*, No. 3:20-cv-04478-JD (N.D. Cal.), another lawsuit challenging the Department of Education's interim final rule regarding equitable services.

20. One affidavit I downloaded from the *Michigan* case was by Monica Goldson, Chief Executive Officer for Prince George's County Public Schools. It was docketed as Exhibit 8 to Attachment 5 to docket entry 25 of that case.

21. A true and correct copy of the affidavit referenced in Paragraph 20 is attached as Exhibit 4.

### Palm Beach School District

22. One affidavit I downloaded from the *Michigan* case was by Manish Naik, Manager of Legislative Services for the Council of Great City Schools. The affidavit addressed Palm Beach School District. It was docketed as Exhibit F to docket entry 47-1 of that case.

23. A true and correct copy of the affidavit referenced in Paragraph 22 is attached as Exhibit 5.

24. On August 26, 2020, I received by email a copy of a memorandum dated August 25, 2020, from Jacob Oliva, Chancellor of Public Schools for Florida, that was sent to all school district superintendents in Florida.

25. That memorandum addressed the impact on Florida school districts of an order by a federal district court in Washington that preliminarily enjoined the interim final rule. It stated: "The federal court issued an injunction that impacts **only Washington State**. The injunction does **not** impact Florida, **nor** does it impact any other state." (emphasis in original).

26. That memorandum concluded by stating: "If we receive future guidance regarding the Interim Final Rule issued by the U.S. Department of Education, we will let you know. In the meantime, we are still obligated to continue abiding by the Interim Final Rule. And furthermore, please remember that this program is intended for emergency relief; therefore, no delay in provision of services is authorized."

27. A true and correct copy of the memorandum referenced in Paragraphs 24-26 is attached as Exhibit 6.

### PPP Recipients

28. The Small Business Administration maintains a spreadsheet of all corporations that received loans under the PPP program. It can be accessed on the internet at https://sba.box.com/s/ahn2exwfebgqruk714v3hnf75qdap3du.

29. The spreadsheet shows that Holy Family Elementary School in Grand Junction, Colorado, received a loan between $150,000 and $350,000. Grand Junction, Colorado falls within the boundaries of the Mesa County Valley School District No. 51.

I declare under penalty of perjury that the foregoing is true and correct.

Date: September 1, 2020                                        Respectfully submitted,

                                                               _____
                                                               Seth Galanter