# Exhibit 5

HUSCH BLACKWELL LLP
Donald J. Mizerk Esq., (CA Bar No. 208477)
John W. Borkowski (IL Bar No. 6320147) (*pro hac pending*)
120 South Riverside Plaza, Suite 2200
Chicago, Illinois  60606
Phone:  (312) 526-1538
Fax:  (312) 655-1501
don.mizerk@huschblackwell.com

Attorneys for Amicus Curiae
COUNCIL OF THE GREAT CITY SCHOOLS

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE OF MICHIGAN, STATE OF CALIFORNIA, DISTRICT OF COLUMBIA, STATE OF MAINE, STATE OF MARYLAND, STATE OF NEW MEXICO, STATE OF WISCONSIN, THE BOARD OF EDUCATION FOR THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK, BOARD OF EDUCATION FOR THE CITY OF CHICAGO, CLEVELAND MUNICIPAL SCHOOL DISTRICT, AND SAN FRANCISCO UNIFIED SCHOOL DISTRICT,<br><br>                Plaintiffs,<br>    v.<br><br>ELISABETH D. DEVOS, in her official capacity as the United States Secretary of Education, and UNITED STATES DEPARTMENT OF EDUCATION,<br><br>                Defendants. | Civil Case No.3:20-cv-04478-JD<br><br><br><br>**DECLARATION OF MANISH NAIK IN SUPPORT OF THE COUNCIL OF THE GREAT CITY SCHOOLS AMICUS CURIAE BRIEF**<br><br><br>Judge: Hon. James Donato<br>Trial Date:  None set<br>Action Filed: July 7, 2020 |

I, Manish Naik, do hereby swear upon my oath that the following statements are true and correct to the best of my knowledge, information and belief, and that I could competently testify as follows if called upon to do so:

1. I am the Manager of Legislative Services for the Council of Great City Schools ("Council"). I have served in this position since 1999.

2. I focus on legislative issues affecting the Council and its 76 member districts, including Title I of the Elementary and Secondary Education Act ("Title I") and federal appropriations.

3. The Council sent a survey to general counsel, legislative staff, and Title I directors of its member districts on July 20, 2020. Those district personnel were asked to voluntarily provide information relating to the provision of equitable services under the CARES Act and specifically the impact of different allocation methodologies.

4. Sixteen districts responded to the survey in what appeared, based on the data maintained by the Council about those districts, to be a full and accurate manner: Baltimore City Public Schools; Clark County School District; Cleveland Metropolitan School District; DC Public Schools; Jefferson County Public Schools; Kansas City Public Schools; Miami-Dade County Public Schools; Minneapolis Public Schools; Oakland Unified School District; Portland Public Schools; Sacramento City Unified School District; Saint Paul Public Schools; San Antonio Independent School District; San Diego Unified School District; Seattle Public Schools; and the School District of Palm Beach County.

5. Based on those survey responses, myself and my colleague, Moses Palacios, the Council's Legislative and Research Manager, created a spreadsheet estimating, for each district, the amount of CARES Act funding that would be dedicated to equitable services based on two possible formulas: the Title I formula at Sec. 1117 of ESEA, as required

under the CARES Act; and the formula set forth by the Department of Education in its interim final rule regarding equitable services under the CARES Act (the "Rule"). We calculated the difference between the dollar amounts allocated for equitable share under each formula. This difference represents the financial loss suffered by each district as a result of requiring equitable share to be calculated on the basis of all students, rather than low-income students.

6. A true and accurate copy of that spreadsheet is attached hereto as Exhibit F-1.

7. I also reviewed the Amended Complaint and Motion for Preliminary Injunction filed on July 17 and July 20, 2020 by Plaintiffs in *State of Michigan, et al., v. DeVos,* No.3:20-cv-04478-SK (N.D. Cal.), including the declarations attached to the Appendix in Support of Motion for Preliminary Injunction (Doc. 35-2). These declarations include those of Council member districts New York City Department of Education, Chicago Public Schools, and San Francisco Unified School District.

8. The 16 member districts that responded to the Council survey indicated that an additional $33.37 million in CARES Act funding, above that which would be allocated to private schools using the formula in Section 1117 of ESEA, would be diverted to private schools as a result of the Rule. *See* Exhibit F-1.

9. An additional $64.9 million above what is required by the Section 1117 formula will be diverted to private schools based on the information provided in the declarations of New York City ($53 million), Chicago ($10.17 million), and San Francisco ($1.74 million).

10. The total loss to these 19 member districts is $98.28 million. This $98.28 million is above and beyond the $135.44 million that would be allocated to private schools if equitable services were based on low-income students, rather than all students.

2

11. Based on the Census poverty data used to determine the Fiscal Year 2019 Title I allocations that were the basis for CARES Act funding, these 19 school districts represent approximately 33.7% of all the low-income 5-17 year old children residing in school districts in the Council's membership. The Council estimates that the amount of additional CARES Act funding diverted to private schools based on the formula set forth in the Rule is similar in other urban school districts relative to their total low-income populations. As such, the Council projects that its member districts would lose a total of about $292 million of the much-needed, emergency resources provided to them under the CARES Act if the formula set forth in the Department's Rule is to be followed.

12. On July 20, 2020, member-district Cleveland Metropolitan School District ("CMSD") sent additional information to the Council regarding how the Rule would specifically impact low-income students at both public and private schools in that district.

13. A large number of low-income students in the district attend private schools, as a result of Ohio's voucher program. CMSD informed the Council that 75% of private schools in the district would benefit (*i.e.*, receive more CARES Act funding) if the Title I formula were used, instead of the formula set forth in the Department's Rule.

14. Specifically, the district estimated that, if the equitable services were allocated on the basis of all students rather than low-income students, the impact on private schools would be as follows: (1) reallocation of approximately $890,000 away from 47 private schools with a high number of low-income students; and (2) reallocation of approximately $1.7 million to 16 private schools with a low number of low-income students.

15. The Council projects that $822,952 would be reallocated from public schools to private schools in CMSD. *See* Exhibit F-1.

3

16. Based on survey results and CMSD's estimates, both public schools in the district *and* the private schools in the district that serve most of the low-income students who attend private schools would be negatively impacted by the diversion of resources to private schools under the Rule.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: July 24, 2020

                                                Manish Naik

HUSCH BLACKWELL LLP
120 South Riverside Plaza, Suite 2200
Chicago, Illinois 60606
Phone: (312) 526-1538

4

# EXHIBIT F-1

**The Council of Great City Schools**

*Member District Survey Results Regarding Equitable Services under the CARES Act*

| | Estimated CARES Act Allocation | Equitable Services Amount Based on Low-Income Students | Equitable Services Amount Based on All Students | Increase in Equitable Services Amount | Percent Increase |
|---|---|---|---|---|---|
| Baltimore City Public Schools | $ 48,392,781.00 | $ 1,451,783.43 | $ 3,871,422.48 | $ 2,419,639.05 | 167% |
| Clark County School District | $ 83,968,770.00 | $ 714,849.84 | $ 2,311,069.32 | $ 1,596,219.48 | 223% |
| Cleveland Metropolitan School District | $ 31,202,407.12 | $ 4,294,120.62 | $ 5,117,072.80 | $ 822,952.18 | 19% |
| District of Columbia Public Schools | $ 21,749,742.49 | $ 914,306.89 | $ 2,802,901.17 | $ 1,888,594.28 | 207% |
| Jefferson County Public Schools | $ 30,378,113.00 | $ 328,032.90 | $ 5,009,148.39 | $ 4,681,115.49 | 1427% |
| Kansas City Public Schools | $ 6,485,116.76 | $ 1,366,388.24 | $ 7,851,505.00 | $ 6,485,116.76 | 475% |
| Miami-Dade County Public Schools | $ 119,240,142.00 | $ 11,096,816.00 | $ 14,143,364.00 | $ 3,046,548.00 | 27% |
| Minneapolis Public Schools | $ 18,705,817.00 | $ 1,426,394.00 | $ 2,576,676.00 | $ 1,150,282.00 | 81% |
| Oakland Unified School District | $ 14,493,191.00 | $ 156,526.46 | $ 2,160,000.00 | $ 2,003,473.54 | 1280% |
| Portland Public Schools | $ 8,276,718.94 | $ 574,208.05 | $ 1,202,325.66 | $ 628,117.61 | 109% |
| Sacramento City Unified School District | $ 15,770,510.00 | $ 192,400.00 | $ 1,636,181.00 | $ 1,443,781.00 | 750% |
| Saint Paul Public Schools | $ 19,974,429.00 | $ 346,822.34 | $ 1,677,438.45 | $ 1,330,616.11 | 384% |
| San Antonio Independent School District | $ 21,164,881.00 | $ 318,763.00 | $ 1,774,854.00 | $ 1,456,091.00 | 457% |
| San Diego Unified School District | $ 30,512,782.00 | $ 411,923.00 | $ 2,345,268.00 | $ 1,933,345.00 | 469% |
| Seattle Public Schools | $ 10,709,835.00 | $ 364,434.00 | $ 2,048,749.00 | $ 1,684,315.00 | 462% |
| The School District of Palm Beach County | $ 39,918,975.60 | $ 1,516,921.07 | $ 2,317,187.15 | $ 800,266.08 | 53% |
| **Grand Total** | $ 520,944,211.91 | $ 25,474,689.84 | $ 58,845,162.42 | $ 33,370,472.58 | **131%** |

July 2020