**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| COUNCIL OF PARENT ATTORNEYS AND ADVOCATES, INC., | * * * |
| Plaintiff, | * * |
| v. | * * |
| ELISABETH (BETSY) DEVOS, *in her official capacity as Secretary of Education*, *et al.* | * * * * |
| Defendants. | * |

Case 1:20-cv-02310-GLR

**DECLARATION OF SELENE ALMAZAN IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

I, Selene Almazan, declare as follows:

1. This declaration is based on my personal knowledge. If called to testify in this case, I would testify competently about these facts.

2. I am the Legal Director of the Council of Parent Attorneys and Advocates, Inc. (COPAA), a national not-for-profit organization of parents of children with disabilities, their attorneys, and their advocates. I have been the Legal Director for 6 years; I was on the Board for 11 years and I have been a member of COPAA for 22 years. I am familiar with COPAA's activities and operations and am authorized to speak on its behalf.

### COPAA's mission and activities

3. COPAA's mission is to protect and enforce the legal and civil rights of students with disabilities and their families. Our primary goal is to secure high quality educational services and to promote excellence in advocacy.

4. COPAA has more than 2,600 members located across the United States, including more than 500 members who are a parent or family member of children with disabilities enrolled in public school in at least 49 States and the District of Columbia.

5. Membership is open to all persons who are interested in furthering COPAA's purposes, and each member pays annual dues. Persons who work for, or contract with, state, regional, or local education agencies (e.g., state Departments of Education or school districts), are presumptively not permitted to join COPAA, but a super–majority of the Board of Directors may permit such persons to join as members after an interview and other varied requirements. The Board of Directors is composed exclusively of COPAA members.

6. In its daily operations, COPAA accomplishes its mission by, among other things: providing resources, training, and information to parents, advocates, and attorneys to assist them in obtaining the equal educational opportunity to which children with disabilities are entitled

1

under federal civil rights laws; educating members of the public and policy makers, including states and school districts about the educational experiences of children with disabilities and their families; enabling parents to work more effectively with school personnel to plan and obtain effective educational programs for their children with disabilities; and educating COPAA members about developments in the federal civil rights laws and policies affecting the education of children with disabilities.

7. COPAA educates its members about developments in federal law and policies affecting children with disabilities through its weekly e-newsletter and by maintaining an extensive resource library that includes webinars, an annual conference and other information available to members and non-members.

8. COPAA regularly issues reports and policy papers on issues that are important to its members. For example, COPAA, under agreement from The National Council on Disability, an independent federal agency, conducted research for a five-report series examining the implementation of the Individuals with Disabilities Education Act (IDEA). To ensure input from key stakeholders, COPAA held local and national fora in multiple cities across the country and online. The findings in these reports serve to provide members of the public and policymakers – including the White House, Congress, and state and local education agencies – with insight needed to make policy decisions designed to improve outcomes for all students with disabilities.

9. Additionally, COPAA periodically submits comments on federal agencies' proposed rules and regulations to inform agencies about the impact of such proposals on the lives and rights of children with disabilities and their families.

10. COPAA regularly files amicus briefs in matters seeking to ensure that children with disabilities receive the services and supports that they need in school. As Legal Director for COPAA, I have been counsel of record as amicus curiae in nearly 90 federal appellate and

district court cases since 2016 involving the IDEA, the Americans with Disabilities Act, and Section 504 of the Rehabilitation Act. For example, COPAA participated as amicus curiae in the United States Supreme Court in the following cases: *Endrew F. v. Douglas Cty. Sch. Dist. RE-1*, 137 S. Ct. 988 (2017); *Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743 (2017); *Forest Grove Sch. Dist. v. T.A.*, 557 U.S. 230 (2009); *Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007); *Bd. of Educ. v. Tom F.*, 552 U.S. 1 (2007); and *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291 (2006).

11. To further its mission, COPAA also pursues litigation on behalf of its parent members. For example, COPAA brought suit against the U.S. Department of Education and Secretary DeVos, on its own behalf and on behalf of its parent members, challenging their delay in implementing key regulations under the IDEA. *See Council of Parent Attorneys & Advocates, Inc. v. DeVos*, 365 F. Supp. 3d 28 (D.D.C. 2019), *appeal dismissed*, No. 19-5137, 2019 WL 4565514 (D.C. Cir. Sept. 18, 2019). Other cases in which COPAA has sued on behalf of its parent members include *The National Federation of the Blind v. U.S. Department of Education*, 407 F. Supp. 3d 524 (D. Md. 2019), *Know Your IX v. DeVos,* Case No. 1:20-cv-01224-RBD (D. Md., filed May 14, 2020), and *J.N. v. Oregon Department of Education*, Case No. 6:19-cv-00096-AA (D. Or., filed Jan. 22, 2019).

**COPAA's members who are parents of children with disabilities**

12. The children of COPAA members have been significantly impacted by the global COVID-19 pandemic, as most public school districts nationwide decided either to end the 2019-20 school year early or to transition to distance learning. While some students with disabilities thrived, distance learning made the provision of some individualized education program (IEP) services impossible, difficult, or ineffective. For many students, but especially students with disabilities, distance learning has resulted in loss of educational progress and even regression.

3

13. As a result, COPAA has been working with its members and supporting them in working with their school districts to ensure that the districts' re-opening plans properly address the needs of students with disabilities. This includes the need to ensure that those districts that are resuming in-person classes appropriately tailor measures around social distancing, proper personal hygiene, and mask usage to accommodate students with disabilities. It also includes the need to address the lost educational progress or regression experienced by students with disabilities. Because COPAA's members seek to ensure that their children will be safe and adequately-supported upon districts' reopening, any decrease in the resources available to achieve these goals would significantly harm the members and their children and place the children at even greater risk of falling behind.

14. COPAA has active parent members whose children with disabilities are enrolled in public school districts impacted by the July 1, 2020, Interim Final Rule issued by the U.S. Department of Education interpreting Section 18005 of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) Pub. L. No. 116-136, 134 Stat. 281.

15. The following persons were active members of COPAA as of August 10, 2020, and remain active members:

   a. Robert Louis Harris, Colorado
   b. Shahar Vinayi Pasch, Florida
   c. Janet Preston, Georgia
   d. Jeanette Andrea Taylor, Maryland

I declare under penalty of perjury that the foregoing is true and correct.

Date: August 28, 2020

Respectfully submitted,

Selene Almazan